**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

ERIC DAVIS                                                                          PLAINTIFF
ADC #658363

V.                                           NO: 4:12CV00144 DPM/HDY

WAYNE SMITH *et al.*                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the

1

hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Eric Davis, an inmate incarcerated at the Grimes Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint on March 5, 2012. On August 24, 2012, Defendants Rick Hart, Wayne Smith, and Don Webb, filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #34-#36). Plaintiff filed a response on September 26, 2012 (docket entry #42).

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a

2

showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

According to Plaintiff's complaint, he refused to participate in an Arkansas Department of Community Corrections ("DCC") program because he did not want to recite prayers using the word "God" in them.  Plaintiff also claimed that letters he wrote to various organizations were held by DCC officials, and that Smith bribed him to write another letter saying he wrote the letters in anger, then did not provide the privileges he offered in the bribe.  Plaintiff received several DCC disciplinary charges, and was ultimately transferred to the ADC.

Defendants assert that Plaintiff's complaint should be dismissed because he failed to exhaust his administrative remedies before he filed suit.  Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam).  The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001).  The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In support of their assertion that Plaintiff failed to exhaust his claims against them, Defendants note Plaintiff's complaint, wherein he admits that he failed to exhaust any grievance on

3

the issues in his complaint before he filed this lawsuit, although he explained that he was told his complaints were non-grievable (docket entry #2, page #3), a claim he also makes in his response to Defendants' motion.  Defendants have also provided an affidavit from Hart, the DCC Deputy Director for Residential Services (docket entry #36-1).  According to Hart, the DCC has a grievance procedure for inmate complaints, needs, and other problems, and Plaintiff never fully appealed any grievance.  Hart also states that the DCC has a procedure for residents to appeal disciplinary convictions, and that Plaintiff never appealed his disciplinary convictions.[1]  Hart further noted that although Plaintiff may have believed that he could not grieve his complaints, the grievance procedure allows grievances to be filed "on any condition or action within the residential facility operation " (docket entry #36-2, page #1).

If an administrative remedy procedure is not available, an inmate is excused from the PLRA's exhaustion requirement.  However, in the instant case, an administrative remedy procedure was available.  Plaintiff's subjective beliefs regarding the availability of the procedure is not controlling.  *See Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000)(inmate's subjective belief about availability of administrative remedies is not addressed in § 1997e(a); issue is whether remedy is available).  Likewise, the unavailability of specific relief through the use of the procedure does not excuse the failure to exhaust.  *See Porter v. Nussle*, 534 U.S. 516, 524 (2002) (exhaustion required even when remedies not effective or relief not available).  The question of whether proper exhaustion has been achieved turns on the specifics of the prison policy.  *Jones v. Bock*, 549 U.S. 199, 218 (2007).  Here, the procedure provides for a grievance appeal process to the Deputy Director

---

[1]Defendants provided the DCC grievance policy (docket entry #36-2), and the DCC disciplinary appeal policy (Docket entry #36-3).

for Residential Services, whose decision is the final step (docket entry #36-2, page #4).  Defendants

have provide Hart's affidavit indicating that Plaintiff appealed no grievances, and a copy of the

grievance policy indicating that an administrative remedy procedure was available.  Plaintiff has

provided nothing in response to contradict the evidence provided by Defendants.  No material facts

are in dispute, and Defendants' motion for summary judgment should be granted due to Plaintiff's

failure to exhaust his administrative remedies before he filed his lawsuit.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendant's motion for summary judgment (docket entry #34) be GRANTED, and

Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment

dismissing this action is considered frivolous and not in good faith.

DATED this   27    day of September, 2012.

_____
UNITED STATES MAGISTRATE JUDGE